UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Case. No.  17-cr-20527

                HON. MARK A. GOLDSMITH

v.

LORENA LOREN,

    Defendant.

_____/

## STIPULATED ORDER MODIFYING SENTENCE
### PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

    Plaintiff, the United States of America, by and through its Counsel, Matthew Schneider, United States Attorney, and Dawn N. Ison, Shankar Ramamurthy, Assistant United States Attorneys, and Defendant Lorena Loren, with her Attorneys, Jonathon C. Su and Alexandra T. Highsmith, hereby stipulate and agree to the following:

    1.    On August 22, 2017, Lorena Loren was charged in a single-count superseding information with conspiracy to commit federal program fraud, in violation of 18 U.S.C. §§ 371 and 666(a)(1)(A).

    2.    Lorena Loren pleaded guilty to conspiracy to commit federal program fraud, on August 29, 2017.

    3.    On March 27, 2018, the Court sentenced Lorena Loren to 37 months'

imprisonment and further ordered that, following her release from prison, she serve 24 months on supervised release in the district of Georgia, where her family resided at the time.

4. On March 5, 2020, Ms. Loren submitted a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on her terminal medical condition to the U.S. Bureau of Prisons ("BOP").

5. On March 27, 2020, BOP denied Ms. Loren's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on her medical condition.

6. On May 19, 2020, Ms. Loren filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

7. Section 603(b) of the First Step Act of 2018 amended 18 U.S.C. § 3582 to afford inmates the right to seek compassionate release on their own motion, when previously only the BOP's Director could do so. But first, inmates must request compassionate release and exhaust their administrative remedies with the BOP, or wait 30 days in the event the BOP fails to act on their request. 18 U.S.C. § 3582(c)(1)(A).

8. Ms. Loren has satisfied the exhaustion requirements set forth in 18 U.S.C. § 3582(c)(1)(A), because 30 days has elapsed since she submitted a formal request for compassionate release to BOP.

9. A court may only grant compassionate release based on an individual inmate's "extraordinary and compelling reasons," which must be consistent with the Sentencing Commission's policy statement and which the inmate has the burden of showing. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(1)(A), (3); *United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013). And, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

10. Upon consideration of the standard provided in 18 U.S.C. § 3582(c)(1)(A)(i) and (ii), Ms. Loren is suffering from a terminal illness, specifically, Stage 4 Cancer, that substantially diminishes her ability to provide self-care within the BOP facility. Ms. Loren's myriad medical conditions, including her terminal cancer diagnosis, constitute "extraordinary and compelling reasons."

11. Pursuant to USSG §1B1.13(2), Ms. Loren is not likely a danger to safety of any other person or to the community.

12. The § 3553(a) factors, including Ms. Loren's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment weigh in favor of modification of Ms. Loren's term of imprisonment.

13. Ms. Loren's release is "consistent with" the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A).

14. Upon entering into this agreement, Ms. Loren agrees to hold the United States and its agents and employees, harmless from any claims whatsoever in connection with changes in her medical condition after her release from BOP custody.

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

| | |
|---|---|
| s/Dawn N. Ison<br>s/Shankar Ramamurthy<br>Dawn N. Ison<br>Shankar Ramamurthy<br>Assistant United States Attorneys<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>(313) 226-9567<br>Dawn.ison@usdoj.gov<br><br>Dated: June 4, 2020 | s/Jonathan C. Su (by consent)<br>s/Alexandra T. Highsmith (by consent)<br>Jonathan C. Su<br>Alexandra T. Highsmith<br>Latham & Watkins, LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2201<br>jonathan.su@lw.com<br><br>Dated:  June 4, 2020<br><br>s/Catherine T. Dobrowitsky (by consent)<br>Catherine T. Dobrowitsky<br>Rivenoak Law Group, P.C.<br>Troy, MI 48084<br>Telephone: (248) 677-1045<br>Email: ctd@rivenoaklaw.com<br>P63245<br><br>Dated:  June 4, 2020 |

*****************************************************

**IT IS HEREBY ORDERED THAT**:

Ms. Loren's sentence shall be reduced to time served. She shall be placed on supervised release for a term of 24 months in the Middle District of Florida. All previously imposed conditions of supervised release remain unchanged.

**IT IS FURTHER ORDERED THAT**:

Ms. Loren shall be subjected to a 14-day quarantine before her release.

SO ORDERED.

Dated: June 5, 2020　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　United States District Judge